Patricia CLARKE, Defendant–Appellant,

v.

UNITED STATES of America, Appellee.

No. 06–1708–cr.

United States Court of Appeals, Second Circuit.

Dec. 11, 2007.

William S. Palmieri (Law Offices of William S. Palmieri), for Defendant–Appellant.

William M. Brown (Krishna R. Patel & Sandra S. Glover Assistant United States Attorneys on the brief) for Kevin J. O'Connor (United States Attorney for the District of Connecticut), for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. DEBRA A. LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

A jury found Defendant–Appellant Patricia Clarke guilty of mail and wire fraud stemming from a scheme to fraudulently collect disability benefits from her employer, the United States Postal Service ("USPS"). The United States District Court for the District of Connecticut (Underhill, *J.*) sentenced Clarke to thirty months imprisonment. On appeal, Clarke challenges an evidentiary ruling of the trial judge, as well as her sentence. We assume the parties' familiarity with the underlying facts and procedural history of the case.

During its criminal investigation of Clarke, the USPS conducted video surveillance that generated between thirty and seventy hours of footage. *United States v. Clarke,* 390 F.Supp.2d 131, 132 (D.Conn. 2005). The government created a forty-minute "highlights tape" from the video footage showing Clarke engaging in various household activities including working in her yard and garden, cleaning the windows of her house, and painting her deck, which was shown to the jury over the objection of defense counsel. Both the government and the defense tried to intro-

duce into evidence the video footage in its entirety, but the district court denied their request under Federal Rules of Evidence 401, 402, and 403. *Id.* at 132–33. The judge asked the defendants if there were any specific portions of footage that they sought to introduce, but neither defendant made a request to do so. *Id.* at 133. On appeal, Clarke argues that the completeness doctrine required admission of the videotapes in their entirety and complains that certain significant footage was omitted by the government from its highlights video.

■ This evidentiary ruling is reviewed for abuse of discretion. *See United States v. Castro,* 813 F.2d 571, 576 (2d Cir.1987). Here, the district court concluded that much of the footage was either irrelevant or cumulative. *Clarke,* 390 F.Supp.2d at 133. In *United States v. Jackson,* 180 F.3d 55 (2d Cir.1999), the government offered into evidence a ninety-second portion of a forty-two-minute tape and the district court denied the defendant's request that the remainder of the tape be admitted pursuant to the rule of completeness. *Id.* at 73. We saw no error in that denial because the trial court, after listening to the tape, saw little probative value in the additional footage proffered by the defendant. *Id.* We reach the same conclusion here and find no abuse of discretion by the district court.

■ With regard to her sentence, Clarke claims that the district court erred by determining that the intended loss from her scheme was over $200,000 and using that number for its Guidelines calculation, instead of the $135,135.00 in actual losses. Under U.S.S.G. § 2B1.1, Application Note 3(A), "loss is the greater of actual loss or intended loss." "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense; and [ ] includes intended pecuniary harm that would have been impossible or unlikely to occur (*e.g.,*

as in a government sting operation, or an insurance fraud in which the claim exceeded the insured value)." U.S.S.G. § 2B1.1, Application Note 3(A)(ii). "In determining the amount of loss [ ] the sentencing court need only make a reasonable estimate of the range of loss, given the available information, U.S.S.G. § 2F1.1, Application Note 8, which we review only for clear error." *United States v. Gomez,* 31 F.3d 28, 31 (2d Cir.1994) (per curiam).

In this case, the district court based its intended loss figure on a certified calculation done by the Social Security Administration, which showed that Clarke would have received an additional $214,063.68 had she continued to receive disability payments through age 62, for a total intended loss amount of $349,198.68. The district court found that Clarke intended to receive benefits as long as she was able to because she engaged in her conduct "over [seven years] with frequent opportunity to abandon it and without abandoing it," and thus getting over the $200,000 mark "would occur in a relatively short additional period of time." The district court's calculation was not clearly erroneous.

We have considered Appellant's other claims and found them to be without merit.

For the foregoing reasons, the evidentiary ruling issued by the district court and the sentence it imposed are AFFIRMED.